UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JJS TRANSPORTATION &
DISTRIBUTION CO., INC.,

                                                                  **ORDER**
                    Plaintiff,                   22-CV-4619 (MKB) (ARL)

              v.

PENSKE TRUCK LEASING CO., L.P.,

                    Defendant.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff JJS Transportation & Distribution Co., Inc., commenced the above-captioned action on July 8, 2022, in New York state court against Defendant Penske Truck Leasing Co., L.P., alleging breach of contract. (Compl., annexed to Notice of Removal as Ex. A, Docket Entry No. 1.) Defendant removed this action from state court on the basis of diversity on August 5, 2022. (Notice of Removal, Docket Entry No. 1.) On September 20, 2022, Defendant filed its answer and counterclaim against Plaintiff for recovery of chattels, conversion, unjust enrichment, and breach of a Vehicle Lease Service Agreement. (Def.'s Answer, Docket Entry No. 6.) On October 10, 2022, Plaintiff answered the counterclaim. (Pl.'s Answer, Docket Entry No. 7.)

      On March 20, 2024, Defendant moved for a default judgment on its counterclaim. (Def.'s Mot. for Default J., Docket Entry No. 19.) The Court referred the motion for default judgment to Magistrate Judge Arlene R. Lindsay on March 21, 2024 for a report and recommendation. (Order dated March 21, 2024.) By report and recommendation dated December 4, 2024, Judge Lindsay recommended that the Court deny Defendant's motion for default judgment without prejudice "to refiling with the appropriate documentation, and

following a motion to strike Plaintiff's answer to the counterclaim" (the "R&R").  (R&R 5, Docket Entry No. 23.)  For the reasons discussed below, the Court adopts the R&R and denies Defendant's motion for default judgment without prejudice.

**I.   Background**

On November 16, 2022, Plaintiff's counsel filed a motion to withdraw as counsel.  (Pl.'s Answer; Mot. to Withdraw as Attorney, Docket Entry No. 9.)  On January 5, 2023, Judge Lindsay granted the motion to withdraw.  (January 2023 Order on Motion to Withdraw ("January 2023 Order"), Docket Entry No. 13.)  In the January 2023 Order, Judge Lindsay noted that "failure to obtain new counsel on or before February 21, 2023 may result in a Report and Recommendation to the District Judge that this action be dismissed."  (January 2023 Order 3.)

Plaintiff failed to file a notice of appearance of counsel by February 21, 2023, and the Clerk of Court noticed a default against Plaintiff on March 3, 2023.  (Clerk's Entry of Default, Docket Entry No. 16.)  On April 18, 2023, Plaintiff filed a bankruptcy petition in the United States Bankruptcy Court of the Eastern District of New York.  (Letter dated May 5, 2023, Docket Entry No. 17.)  On July 26, 2023, the Bankruptcy Court dismissed Plaintiff's bankruptcy petition.  (Notice of Dismissal of Bankruptcy Case, Docket Entry No. 18.)  On March 20, 2024, Defendant moved for a default judgment on its counterclaim.  (Def.'s Mot. for Default J., Docket Entry No. 19.)

On December 4, 2024, Judge Lindsay advised Plaintiff that it has thirty days to appear by counsel, (R&R 3), and ordered Plaintiff to show cause on or before December 17, 2024 as to why its answer to Defendant's counterclaim should not be stricken and a default judgment entered against it.  (December 2024 Order to Show Cause ("December 2024 Order") 3, Docket Entry No. 24.)  Plaintiff did not comply with the December 2024 Order.

Judge Lindsay therefore recommends that the Court deny Defendant's motion for default judgment without prejudice and direct Defendant "to advise the Court as to whether it intends to move the Court to strike the responsive pleading of Plaintiff and seek entry of the default judgment." (R&R 3.) On January 13, 2025, Defendant served a copy of the Report and Recommendation on Plaintiff and filed a proof of service with the Court. (Declaration of Service, Docket Entry No. 25.) No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time

3

limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court denies Defendant's motion for default judgment without prejudice and directs Defendant to advise the Court regarding whether it intends to move to strike Plaintiff's responsive pleading and seek entry of the default judgment.

Dated: January 28, 2025
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge