UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JJS TRANSPORTATION &
DISTRIBUTION CO., INC.,

                       Plaintiff,                         **REPORT AND**
                                                        **RECOMMENDATION**
        -against-                         22-CV-4619 (MKB) (ARL)

PENSKE TRUCK LEASING CO., L.P.,

                       Defendant.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Plaintiff JJS Transportation & Distribution Co., Inc.'s ("Plaintiff") commenced this breach of contract action against Defendant Penske Truck Leasing Co., L.P. ("Defendant") on August 5, 2022. ECF No. 1. On September 20, 2022, Defendant answered the Complaint and asserted counterclaims against Plaintiff for recovery of chattels, conversion, unjust enrichment, breach of contract, declaratory judgment and for attorneys' fees pursuant to an agreement between the parties. ECF No. 6. Plaintiff answered the counterclaims on October 10, 2022. ECF No. 7. Shortly thereafter Plaintiff's counsel filed a motion to withdraw. By Order dated January 5, 2023, this Court granted Plaintiff's counsel's motion to withdraw and advised Plaintiff that it had until February 21, 2023, to secure substitute counsel. ECF No. 13. Additionally, Plaintiff was warned that a failure to comply with that order would result in a recommendation to the District Judge that this action be dismissed. *Id*. Plaintiff, a corporation, failed to comply with that order.

On February 24, 2023, Defendant moved the Clerk of the Court for entry of a certificate of default because Plaintiff had not filed a notice of appearance of counsel by February 21, 2023. ECF No. 15. The Clerk entered the certificate of default on March 3, 2023. ECF No. 16. On

1

April 18, 2023, Plaintiff filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York, which stayed the case.  ECF No. 17.  Defendant advised the Court that the bankruptcy petition was dismissed on July 26, 2023.  ECF No. 18.

On March 20, 2024, Defendant moved for default judgment. ECF No. 19. The motion was referred to the undersigned for a report and recommendation. On December 4, 2024, this Court recommended that the motion for default judgment be denied because Plaintiff in this action had filed a responsive pleading and because of Defendant's failure to attach a memorandum of law and other supporting documents in accordance with Local Rule 7.1. ECF No. 23. Also on December 4, 2024, the Court directed Plaintiff to show cause in writing by December 17, 2024 as to why its answer should not be stricken and default judgment entered against it as a consequence of failing to appear by counsel. ECF No. 24. To date, counsel has not appeared on behalf of Plaintiff and Plaintiff has taken no steps to prosecute this action.

On August 26, 2025, District Judge Brodie closed the case noting that Defendant failed to notify the Court for over seven months of its intention to move to strike Plaintiff's answer and seek default judgment.  On August 27, 2025, Defendant notified the Court that it did intend to move to strike Plaintiff's answer. ECF No. 28. The motion to strike the answer was filed on September 15, 2025.  ECF No. 30. Plaintiff did not respond to that motion. The motion was referred to the undersigned for a report or recommendation on January 2, 2026.[1]

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order.  Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  In determining whether to dismiss, courts examine the following factors:

---

[1] To avoid confusion, simultaneous with the filing of this Report and Recommendation the undersigned has issued an order denying Defendant's motion without prejudice to refiling in compliance with local rules.

(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008).

Here, Plaintiff has been repeatedly warned that a failure to appear by counsel could result in dismissal of its claim.  Indeed, Plaintiff has failed to communicate with the Court since January 2023 – over three years. Under these circumstances, the matter cannot proceed. Certainly, Defendant would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive.  The undersigned, therefore, respectfully recommends that Plaintiff's claims be dismissed with prejudice for failure to prosecute.  *See Cael Tech. (Pvt.) Ltd. v. Precise Voting, LLC*, No. CV 13-1470, 2016 WL 5390131, at *3 (E.D.N.Y. Sept. 26, 2016) ("The failure by a corporate defendant to obtain counsel constitutes a failure to defend, warranting the entry of a default judgment.") (citation and internal quotation marks omitted); *Team Air Express, Inc. v. A. Heffco Techs., Inc.*, No. 06 CV 2742, 2008 WL 4790469 at *2 (E.D.N.Y. Jan. 7, 2008) ("Given defendant's failure to obtain new counsel within the time ordered by the Court and the inability of a corporation to proceed pro se in federal court, the Court respectfully recommends that plaintiff's motion for default and to strike the Answer and Counterclaim be granted."), *report and recommendation adopted by*, No. 06 CV 2742 (E.D.N.Y. Mar. 4, 2008).

Counsel for Defendant is directed to serve a copy of this Report and Recommendation on Plaintiff and to file an affidavit of service on ECF forthwith.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure,

Plaintiff shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Such objections shall be filed with the Clerk of the Court via ECF.  Plaintiff must file its objections in writing with the Clerk of the Court within the prescribed time period noted above.  Any requests for an extension of time for filing objections must be directed to Judge Brodie prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         May 5, 2026

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge