UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JJS TRANSPORTATION &
DISTRIBUTION CO., INC.,

                    Plaintiff,

          v.

PENSKE TRUCK LEASING CO., L.P.,

                    Defendant.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
22-CV-4619 (MKB) (ARL)

MARGO K. BRODIE, United States District Judge:

Plaintiff JJS Transportation & Distribution Co., Inc., commenced the above-captioned action on July 8, 2022, in New York state court against Defendant Penske Truck Leasing Co., L.P., alleging a breach of contract claim. (Compl., annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) On August 5, 2022, Defendant removed the action from state court on the basis of diversity. (Notice of Removal, Docket Entry No. 1.) On September 20, 2022, Defendant filed its answer and counterclaims against Plaintiff for recovery of chattels, conversion, unjust enrichment, and breach of a vehicle lease service agreement. (Def.'s Answer and Counterclaims, Docket Entry No. 6.) On October 10, 2022, Plaintiff answered the counterclaims. (Pl.'s Answer to Def.'s Counterclaims, Docket Entry No. 7.) On February 24, 2023, Defendant sought a notice of default from the Clerk of Court. (Pl.'s Req. for Certificate of Default, Docket Entry No. 15.) On March 3, 2023, the Clerk of Court noticed default. (Clerk's Entry of Default, Docket Entry No. 16.) On March 20, 2024, Defendant moved for a default judgment on its counterclaims. (Def.'s Mot. for Default J., Docket Entry No. 19.) The Court

referred the motion for default judgment to Magistrate Judge Arlene R. Lindsay on March 21, 2024 for a report and recommendation.[1]  (Order dated Mar. 21, 2024.)

On August 27, 2025, Defendant notified the Court of its intention to move to strike Plaintiff's answer, (Ltr., Docket Entry No. 28), and on September 15, 2025, Defendant filed its motion to strike, (Mot. to Strike, Docket Entry No. 30).  Plaintiff has not responded to Defendant's motion to strike.  The Court referred the motion to strike to Judge Lindsay on January 2, 2026 for a report and recommendation.  (Order dated Jan. 2, 2026.)

Currently before the Court is a *sua sponte* report and recommendation issued by Judge Lindsay on May 5, 2026, recommending that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "Second R&R").  (Second R&R 3, Docket Entry No. 32.)  For the reasons discussed below, the Court adopts the Second R&R and dismisses Plaintiff's claims with prejudice.

## I.    Background

### a.    First R&R and May 2026 Order

The Court assumes familiarity with the facts as detailed in the January 2025 Order.  (*See* January 2025 Order.)

On May 5, 2026, Judge Lindsay denied without prejudice Defendant's motion to strike Plaintiff's answer and for entry of default judgment because "[d]espite this [c]ourt's description of the necessary procedure to be followed, Defendant . . . failed to provide the [c]ourt with a

---

[1]  By report and recommendation dated December 4, 2024, Judge Lindsay recommended that the Court deny Defendant's motion for default judgment "without prejudice to refiling with the appropriate documentation, and following a motion to strike Plaintiff's answer to the counterclaim[s]" (the "First R&R"), (First R&R 5, Docket Entry No. 23), which the Court adopted on January 28, 2025 (the "January 2025 Order"), (January 2025 Order, Docket Entry No. 26).  On August 26, 2025, the Court closed the case because Defendant had not taken any action in over seven months.  (Order dated Aug. 26, 2025.)

memorandum of law in support of its motion or a proposed form of judgment" (the "May 2026 Order"). (May 2026 Order 3–4, Docket Entry No. 31.) Judge Lindsay provided Defendant "one final opportunity to properly file a motion to strike Plaintiff's answer and for entry of default judgment against Plaintiff" by May 26, 2026. (*Id.* at 1, 4.) Defendant did not respond to the May 2026 Order. (*See generally* Docket.)

### b. Second R&R

In the Second R&R, Judge Lindsay recommended that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute pursuant to Rule 41(b). (Second R&R 2–3.) To determine whether to dismiss Plaintiff's claims, Judge Lindsay examined the factors provided by *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) and concluded that dismissal with prejudice is appropriate, in part, because: (1) Plaintiff has failed to communicate with the Court since January of 2023; (2) Plaintiff "has been repeatedly warned that a failure to appear by counsel could result in dismissal of its claim"; and (3) Defendant would be "substantially prejudiced should this case remain open." (*Id.*)

No objections to the Second R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999) (quoting *id.*); *Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *Cullen*, 194 F.3d at 405). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d

3

Cir. 2002)); *see Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (quoting same); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the Second R&R and, finding no clear error, adopts the Second R&R pursuant to 28 U.S.C. § 636(b)(1).[2]

---

[2] Dismissing Plaintiff's claims with prejudice is appropriate. "When imposed, the sanction of dismissal [under Rule 41(b)] 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)). Dismissal with prejudice is appropriate because: (1) Plaintiff has failed to communicate with the Court since January of 2023; (2) the court gave Plaintiff notice that the failure to obtain new counsel would result in dismissal, (Order on Mot. to Withdraw as Attorney, Docket Entry No. 13), and Plaintiff failed to

4

III.  **Conclusion**

The Court adopts the Second R&R and dismisses Plaintiff's claims with prejudice for

failure to prosecute pursuant to Rule 41(b).

Dated:  June 3, 2026
           Brooklyn, New York

                                          SO ORDERED:


                                          _____s/ MKB_____
                                          MARGO K. BRODIE
                                          United States District Judge

---

obtain new counsel; and (3) lesser sanctions would not be as effective because Plaintiff has failed to prosecute this action for over three years.  *See Cabrera v. RLB USA Safety & Hardware Inc.*, No. 23-CV-5267, 2024 WL 3011194, at *3–4 (E.D.N.Y. June 14, 2024) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because the plaintiff failed to: (1) prosecute the action for ten months; (2) comply with a court order that warned that the plaintiff's failure to comply may result in dismissal; and (3) obtain new counsel); *Ventoso v. Shihara*, No. 19-CV-3589, 2022 WL 19706, at *2–3 (S.D.N.Y. Jan. 3, 2022) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because: (1) the plaintiff failed to prosecute the action for over a year; (2) the plaintiff was put on notice that her claims were subject to dismissal; (3) the plaintiff "has not merely delayed prosecuting her case, but has altogether ceased responding to defense counsel's attempts to communicate"; and (4) "the [c]ourt [cannot] fashion a lesser remedy to cure the prejudice that [the plaintiff's] refusal to initiate arbitration impose[d] on [the] defendants"); *see also Dominguez v. Hernandez*, No. 21-CV-7051, 2024 WL 4929719 (E.D.N.Y. Dec. 2, 2024) (adopting *sua sponte* report and recommendation and dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b)); *Bauman v. City of New York*, No. 15-CV-5695, 2023 WL 1070554 (E.D.N.Y. Jan. 27, 2023) (same); *Lunger v. Iberostar Hotels & Resorts*, No. 13-CV-4699, 2018 WL 7076169, at *2 (E.D.N.Y. Dec. 20, 2018) (recommending dismissing an action with prejudice for failure to prosecute pursuant to Rule 41(b)), *report and recommendation adopted*, 2019 WL 2436114 (E.D.N.Y. Feb. 7, 2019).